**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERNEST YOUNG, JR.,

      Plaintiff-Appellant,

v.

THOMAS E. WHITE,
Secretary of the Army,

      Defendant-Appellee.

No. 02-3178
(D.C. No. 00-CV-2544-JWL)
(D. Kan.)
(200 F. Supp. 2d 1259)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **PORFILIO**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the district court's order granting defendant's motion for summary judgment. *See Young v. White*, 200 F. Supp. 2d 1259, 1279 (D. Kan. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We review the district court's decision de novo, employing the same standard as did the district court. *Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000). Summary judgment is appropriate if no genuine issue as to any material fact is in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Plaintiff filed this action alleging racial discrimination and retaliation for filing an Equal Employment Opportunity complaint. In his complaint, he recited numerous instances which he contended showed that his supervisor had discriminated against him or otherwise created a hostile work environment. He complained generally of actions taken by the Requirements Documentation Directorate (RDD) director and his immediate supervisor, Col. Roger Spickelmeir, over the course of several years. These instances included, among numerous other matters, failure to support some of plaintiff's suggestions, bypassing plaintiff and dealing directly with plaintiff's subordinates (which plaintiff did not suggest was beyond Col. Spickelmeir's authority as director), recommending an internal army investigation, issuing plaintiff a written performance counseling memorandum, selecting one of plaintiff's branch chiefs

for plaintiff, and issuing a mid-point counseling memorandum rating plaintiff as satisfactory (rather than excellent) in two subcategories. Plaintiff offered these complaints about his treatment, but he did not allege he was fired or demoted. To the contrary, he was promoted to division chief, the highest civilian position within the RDD, where he has worked for the past ten years since retiring from active military duty.

The district court carefully considered plaintiff's litany of grievances in light of the appropriate summary judgment standards and properly concluded that none of the specific acts listed by plaintiff fall within the category of an adverse employment action. *Young*, 200 F. Supp. 2d at 1272 ("Simply put, plaintiff has presented no evidence that any tangible job consequence accompanied any of Colonel Spickelmeir's actions."). We agree with the district court's thorough evaluation and analysis on this point. An adverse employment action "does not extend to a mere inconvenience or an alteration of job responsibilities," but rather "the employer's conduct must be materially adverse to the employee's status." *Wells v. Colo. Dep't of Transp.*, 325 F.3d 1205, 1212-13 (10th Cir. 2003) (citations and quotations omitted). "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failure to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*,

524 U.S. 742, 761 (1998).  Plaintiff has failed to demonstrate any adverse employment action.

We cannot improve upon the district court's thorough evaluation and analysis of plaintiff's claims.  Accordingly, the judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons stated by the district court.

Entered for the Court

David M. Ebel
Circuit Judge